IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC MARTIN,

Plaintiff, No. 2:07cv863-FCD-JFM (PC)

vs.

COUNTY OF SACRAMENTO, et al.,

Defendants. ORDER

_________________________________/

Plaintiff is a state prisoner proceeding pro se with a civil rights complaint pursuant to 42 U.S.C. § 1983. On June 2, 2008, defendant Sokolov filed a motion for court order authorizing the immediate release of plaintiff's medical, psychiatric and court records. On June 11, 2008, plaintiff filed an opposition to the motion, except for those records held by the Department of Corrections. On June 12, 2008, the remaining defendants filed a state of non-opposition to defendant Sokolov's motion. On June 19, 2008, defendant Sokolov filed a reply.

Defendant Sokolov seeks immediate release for copying plaintiff's psychiatric and medical records from Napa State Hospital, UC Davis Medical Center, and the California Department of Corrections,[1] as well as records and reports regarding proceedings under

[1] These agencies were served with subpoenas by counsel on March 27, 2008. (June 2, 2008 Mem. Ps & As. at 4-5.)

California Penal Code § 1368, et seq held in People v. Martin, Sacramento Superior Court Case No. 05F06329.  Defendant contends he is seeking "only the psychiatric and medical records of the plaintiff as they relate or reflect upon [plaintiff's] claims regarding the alleged malfeasance of Dr. Sokolov and/or plaintiff's damages claims, and are only directed toward those entities/institutions where plaintiff sought or received treatment at the times in issue herein." (June 2, 2008 Mem. Ps & As at 7.)  Defendant contends these records may contain records defendant allegedly should have reviewed to make proper treatment decisions as to plaintiff or may provide third parties' contemporaneous assessments and impressions concerning plaintiff's psychological condition, which may support defendant Sokolov's impression that plaintiff was a malingerer.

Plaintiff objects to the release of this information, claiming defendant Sokolov had the opportunity to review these records while plaintiff was under his care yet chose not to review them.  Plaintiff contends he has not waived his privacy rights to these records and argues counsel will not be prejudiced by the denial of access to these records because counsel may depose plaintiff, citing E.E.O.C. v. Serramonte, 237 F.R.D. 220 (N.D. Cal. 2006).  However, Serramonte is distinguishable from this case in that she was a former car salesperson claiming sexual harassment by fellow employees and supervisors at a dealership and seeking compensation for "emotional distress, indignity, loss of enjoyment of life, loss of self-esteem, and humiliation." Id.  The court found that she had not waived her right of privacy by asserting more than a garden-variety claim of emotional distress, and did not intend to rely on those records or on testimony by a medical or psychiatric expert to support her claim. Id., 237 F.R.D. at 224-25.

In this case the question of whether defendants should obtain access to plaintiff's medical and psychiatric records depends upon whether the confidentiality of these records has been waived by putting the privileged information "at issue." Fritsch v. City of Chula Vista, 187 F.R.D. 614, 625-626 (S.D. Cal. 1999), modified on other grounds, 196 F.R.D. 562 (S.D. Cal.

1999), citing Vanderbilt v. Town of Chilmark, 174 F.R.D. 225 (D.Mass.1997)(finding waiver of psychotherapist-patient privilege if communication between the two is put at issue by the patient, for example, where the case of action relies on advice or findings of the psychotherapist. Under this measure of fairness, waiver prevents the privilege from being used as both a sword and a shield). Id. at 229-30. The Health Insurance Portability and Accountability Act of 1996 ("HIPAA") allows health care providers to disclose medical records in response to a court order. See 45 C.F.R. § 164.512(e)(1).

Here, plaintiff has placed his psychiatric condition and care at the time of his alleged suicide attempt at issue by claiming that defendant Sokolov was deliberately indifferent to plaintiff's serious mental health needs and was negligent for failing to discover plaintiff's mental health history and prior and current psychotropic medications, which caused plaintiff's injury. In addition, these records are pertinent to plaintiff's request for ongoing damages. Plaintiff is advised that allowing defendant access to these records does not deprive him of his ability to argue that defendant Sokolov failed to access these records at the time he treated plaintiff.

Plaintiff's arguments that release of this medical information is barred by the attorney-client privilege, the attorney work product doctrine or work product immunity are not well-taken. The court will, however, order release of these records subject to a protective order that they are to be used solely in connection with the conduct of this litigation.

On June 3, 2008, defendant Sokolov filed objections to plaintiff's declaration in support of plaintiff's complaint and exhibits because plaintiff failed to serve a copy of the exhibits on counsel for defendant Sokolov. Defendant asks the court to strike the declaration as improperly served or enter a conditional order that the declaration will be stricken unless plaintiff serves copies of the exhibits upon defendants. On June 11, 2008, plaintiff filed a reply to the objections, and seeks leave of court to serve copies of the exhibits on defendants. Good cause

/////

appearing, plaintiff will be directed to serve copies of the exhibits on counsel for defendants and file a certificate of service attesting to said service within thirty days from the date of this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Sokolov's June 2, 2008 motion for court order is granted. (Docket No. 45.)

a. Napa State Hospital shall comply with the subpoena issued by counsel on March 27, 2008. Napa State Hospital shall make those records responsive to the March 27, 2008 subpoena available to counsel for defendant Sokolov for inspection and copying within ten days from the date of this order.

b. UC Davis Medical Center shall comply with the subpoena issued by counsel on March 27, 2008. UC Davis Medical Center shall make those records responsive to the March 27, 2008 subpoena available to counsel for defendant Sokolov for inspection and copying within ten days from the date of this order.

c. The California Department of Corrections shall comply with the subpoena issued by counsel on March 27, 2008. The California Department of Corrections shall make those records responsive to the March 27, 2008 subpoena available to counsel for defendant Sokolov for inspection and copying within ten days from the date of this order.

d. Defendant Sokolov shall forthwith serve a copy of this court order, along with a copy of the pertinent subpoena, on the appropriate agency set forth above.

2. Defendant's motion for court order requiring the Sacramento Superior Court to make available records and transcripts of plaintiff's Cal. Penal Code § 1368 proceedings is granted; within ten days, the Sacramento County Superior Court shall make available to defendant for inspection and copying all records and transcripts of plaintiff's Cal. Penal Code § 1368 proceedings in Sacramento Superior Court Case No. 05F06329. Defendant Sokolov shall issue a subpoena requiring the Sacramento County Superior Court to make available such records

/////

and shall forthwith serve said subpoena and a copy of the instant order on the Sacramento County Superior Court.

3. All records produced pursuant to this court order are subject to a protective order and shall be used only in connection with the conduct of this litigation.

4. Defendant's June 3, 2008 objections are sustained; within thirty days from the date of this order, plaintiff shall file a certificate of service attesting to service of copies of the exhibits appended to plaintiff's declaration on counsel for defendants herein.

DATED: June 24, 2008.

UNITED STATES MAGISTRATE JUDGE

001; mart0863.mtc