IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC MARTIN,

    Plaintiff,                    No. 2:07-cv-0863 FCD JFM (PC)

    vs.

SACRAMENTO COUNTY
BOARD OF SUPERVISORS,
et al.,

    Defendants.             <u>ORDER</u>

                                    /

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On July 30, 2008, plaintiff filed a motion to compel county defendants to provide responses to his request for production of documents. On August 13, 2008, plaintiff filed a motion to compel Dr. Sokolov to provide further responses to the request for production of documents. Discovery closed on August 22, 2008.

<u>July 30, 2008 Motion to Compel</u>

        Plaintiff seeks to compel responses to Request for Production No. 4, and to compel production of all interdepartmental memos and training guides set forth in the document responsive to Request No. 4, and all photos of where the incident at issue herein occurred, the surrounding Dayroom area, including 8-West control booths and 8-West classroom. The court will address these requests seriatim.

1

1
2
3
4
        Request No. 4:  February 25th 2003 In response to a record (7) seven suicides at the Sacramento County Jail in 2002 a task force led by Sacramento County Sheriff's Department and Mental Health officials presented a list of "69" completed or planned steps to strengthen the facilities['] suicide prevention plan.  Produce for inspection and copying the aforementioned list of 69 completed or planned steps to strengthen the facilities['] suicide prevention plan.

5 (Id., Ex. A.)  Although defendants objected to this request, defendants provided a document

6 entitled "Suicide Prevention Task Force Action Summary" which was identified as "a summary

7 of the outcomes from the Suicide Task Force as of October 30, 2002.  These outcomes include

8 nine major outcome areas and 68 specific steps." (Marquez Decl., Ex. B at 16.)  Defendants

9 contend this document is responsive to plaintiff's Request No. 4.

10         Plaintiff contends that because this document was generated in 2002 it could not

11 possibly be responsive to his request which specifically cited the date February 25, 2003.

12 (August 25, 2008 Reply at 3.)  However, it appears that February 25, 2003 is the date the 2002

13 task force report was released to the public.  (Id., Ex. C.)  Plaintiff notes on the Sacramento Bee

14 article entitled "A History of Problems," that "This is the information that the plaintiff seeks. . .

15 ." (id.), but the typewritten paragraph reads as follows:

16
17
18
        Feb. 25, 2003 - In response to a record seven suicides at the jail in 2002, a task force led by sheriff's and mental health officials presents a list of 69 completed or planned steps to strengthen the facility's suicide prevention plan.

19 (Id.)  The document provided by defendants is clearly the task force summary of the steps

20 suggested by the task force; the fact that the subsequent Sacramento Bee article numbered the

21 steps 69 rather than 68 does not demonstrate that there is a 2003 document listing 69 steps.

22 Rather, it appears there was a typographical error in the Bee article.

23         Plaintiff's motion to compel further response to Request No. 4 will be denied.

24         Defendants object to plaintiff's motion to compel production of all

25 interdepartmental memos and training guides set forth in the document responsive to Request

26 No. 4, and all photos of where the incident at issue herein occurred, the surrounding Dayroom

area, including 8-West control booths and 8-West classroom because these requests were not contained in the first request for production of documents at issue in this motion. (Opp'n at 3.) A review of the motion confirms these requests were not included in the first request for production of documents. (July 30, 2008 Motion, Ex. A.)

In plaintiff's August 25, 2008 reply, plaintiff appends copies of his first set of interrogatories, propounded June 11, 2008, and his second request for production of documents, dated July 24, 2008. Requests for production of documents must be contained within a request for production of documents pursuant to Fed. R. Civ. P. 34; thus, any such requests contained within plaintiff's interrogatories were improperly propounded. Because plaintiff previously propounded requests for production of documents, it is clear from the record that plaintiff knew the difference between interrogatories and requests for production of documents.

Moreover, the court cannot construe plaintiff's second request for production of documents to be contained within his July 30, 2008 motion to compel because the time for responding to the second request for production of documents had not yet elapsed. Moreover, plaintiff was required to serve all discovery requests at least 60 days prior to the August 22, 2008 discovery deadline. (May 30, 2008 Scheduling Order at 5.)

Accordingly, plaintiff's motion to compel production of interdepartmental memos and training guides and photographs will be denied.

August 13, 2008 Motion to Compel

Plaintiff seeks to compel defendant Sokolov to produce "the complete '69' steps that were mentioned to the news media in February of 2003." (Id. at 1.) However, as noted above, plaintiff has been provided this document; indeed, he appended a copy of the document to his motion. Plaintiff has not demonstrated why this document is not responsive to the request for production and his motion to compel further production will be denied.

In his motion to compel, plaintiff seeks production of documents responsive to requests numbered 2 - 10; however, those requests were not included in plaintiff's second request

for production of documents propounded to defendant Sokolov.  (August 13, 2008 Motion at Ex. C; Tyler Decl. at Ex. A.)  Plaintiff has not provided a copy of a third request for production of documents propounded to defendant Sokolov that contained items numbered 2 - 10 in the instant motion.  Counsel for defendant Sokolov had not received any correspondence from plaintiff relating to document requests numbered 2 - 10 ten prior to August 6, 2008.  (Tyler Decl. at 2.)  Thus, plaintiff's motion to compel responses to requests numbered 2 - 10 was premature and will be denied.[1]

        Accordingly, IT IS HEREBY ORDERED that:

        1.  Plaintiff's July 30, 2008 motion to compel (docket no. 65) is denied; and

        2.  Plaintiff's August 13, 2008 motion to compel (docket no. 69) is denied.

DATED:  September 8, 2008.

                                                                 UNITED STATES MAGISTRATE JUDGE

.001; mart0863.mtc2

---

[1] On July 31, 2008, defendant Sokolov provided plaintiff more than 169 pages of documentation responsive to the second request for production of documents for requests not at issue in the instant motion.  (Tyler Decl. at 3.)