IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC MARTIN,

        Plaintiff,                    No. 2:07-cv-0863 GEB JFM (PC)

    vs.

COUNTY OF SACRAMENTO
BOARD OF SUPERVISORS, et al.,

        Defendants.              ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has filed a motion for leave to supplement pleadings pursuant to Fed. R. Civ. P. 15(d). Plaintiff contends that upon review of his June 19, 2008 amended complaint, he inadvertently failed to include charging allegations as to the California State Board of Corrections and University of California Medical Center that provides mental health service to the Sacramento County Jail by contract through Jail Psychiatric Services. In the proposed supplemental pleadings, however, plaintiff attempts to add Sheriff Lou Blanas, Undersheriff John McGinness, John Does on the Sacramento County Board of Supervisors, John Does from the California State Board of Corrections, and the University of California Davis, Medical Center, Department of Psychiatry by contract as defendants herein.

Rule 15(d) provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Id.

The July 30, 2008 order granting plaintiff leave to file the June 19, 2008 amended complaint specifically noted that "the amended complaint includes no charging allegations as to the University of California Medical Center." Id. at 2.

First, the Sacramento County Board of Supervisors was named as a defendant in plaintiff's amended complaint; an answer was filed on October 24, 2008. Plaintiff has included no new events warranting the supplement and has failed to explain why "John Does" with the Sacramento County Board of Supervisors should be added at this late date. Thus, plaintiff's motion to supplement his pleading as to the Board should be denied.

Second, plaintiff's supplemental pleading fails to explain how his new claims concerning funding, reimbursement and inspections by the California Board of Corrections relate to his claim that defendants were deliberately indifferent to his mental health needs pursuant to 42 U.S.C. § 1983. Because these new claims appear unrelated, the court will deny his motion.

Third, allowing plaintiff to supplement his pleadings would unfairly delay this case. Plaintiff's original complaint was filed on May 7, 2007. He was permitted to file an amended complaint on July 31, 2008. Plaintiff was aware of his claims against these defendants at that time because he included the University of California Medical Center as a defendant in his amended complaint. Even after the court brought the lack of charging allegations to plaintiff's attention, he failed to timely rectify the error. Moreover, defendants would be prejudiced by this delay because they have already taken plaintiff's deposition. Adding new claims or defendants at

/////

this late date could require plaintiff to be deposed again, resulting in increased costs (deposition and travel).

Finally, plaintiff's proposed supplemental pleading fails to state a claim as to defendants Lou Blanas, John McGinness and John Does (Sacramento County Board of Supervisors). The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

For all of the above reasons, plaintiff's motion for leave to supplement pleadings will be denied.

/////

1    On December 17, 2008, plaintiff filed a request for court order authorizing release
2 of his psychiatric, medical and court records.  Plaintiff seeks release of plaintiff's psychiatric and
3 medical records from Napa State Hospital and the release for copying by plaintiff of the state
4 court records surrounding proceedings instituted under Cal. Penal Code § 1368 in People v. Eric
5 Martin, Case No. 05F06239, between September of 2005 and October 7, 2006.  Plaintiff alleges
6 he issued subpoenas to both Napa State Hospital and Sacramento Superior Court on September
7 16, 2008, but received no response.

8    On January 21, 2009, plaintiff renewed his request for court order.[1]

9    On November 18, 2008, discovery was reopened solely as to newly-added parties.
10 However, by order filed June 25, 2008, defendant Sokolov's motion to compel production of the
11 records presently sought by plaintiff was granted.  (Id.)  Napa State Hospital, UC Davis Medical
12 Center, the California Department of Corrections and the Sacramento Superior Court were
13 required to comply with subpoenas seeking this information.  Because counsel for defendant
14 Sokolov now represents the newly-added parties, these parties have access to this information as
15 well.

16   Good cause appearing, plaintiff should be allowed to view these subpoenaed
17 documents, and obtain photocopies if desired.  Accordingly, counsel for defendant Sokolov will
18 be directed to make arrangements with the litigation coordinator at Deuel Vocational Institution
19 to allow plaintiff time to review these documents and to have access to a photocopy machine so
20 he can photocopy those documents he needs.  If counsel believes it would be more efficient to
21 simply provide plaintiff with a copy of all the documents obtained via subpoena, counsel may do
22 /////

---

[1] Plaintiff also inquired how his letter dated October 12, 2008, requesting medical and psychiatric records was received by The Honorable Thelton Henderson, United States District Judge for the Northern District.  This court has no record of receiving a letter from plaintiff around October 12, 2008.  The first filing from plaintiff after that date in this case was his request to reopen discovery filed October 29, 2008.

4

so and plaintiff will be required to reimburse the costs of the photocopies.  Plaintiff's December 17, 2008 request will be partially granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's December 10, 2008 motion for leave to supplement pleadings is denied;

2. Plaintiff's December 17, 2008 request for documents (#105) is partially granted; within thirty days from the date of this order, counsel for defendant Sokolov shall make available to plaintiff all those documents responsive to the subpoenas addressed in this court's June 25, 2008 order; counsel shall ensure that plaintiff has access to a photocopy machine to copy any documents he needs.  As an alternative, counsel may provide plaintiff with a copy of all those documents responsive to the subpoenas addressed in this court's June 25, 2008 order; plaintiff shall reimburse counsel for his photocopy costs.

DATED:  February 3, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

001; mart0863.sup