IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC MARTIN,

        Plaintiff,                  No. 2:07-cv-0863 FCD JFM (PC)

   vs.

COUNTY BOARD OF
SUPERVISORS, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

                              /

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's motion for a temporary restraining order and/or preliminary injunction.

        In his motion for injunctive relief, plaintiff claims that unknown persons have threatened him in retaliation for filing the instant lawsuit. Plaintiff provides two handwritten notes that lack any identifying features such as date or author's name, both of which he received "in the latter part of August of 2008." (Pl.'s Decl. at 4.) Plaintiff asks the court to transfer him to local detention facilities Placer County Jail or Eldorado County Jail, or to Mule Creek State Prison, where plaintiff is to serve his sentence.

/////

1

| 1  | The claims at issue herein took place at the Sacramento County Jail. Plaintiff is
| 2  | presently housed at Deuel Vocational Institution in Tracy, California.
| 3  | The legal principles applicable to a request for injunctive relief are well
| 4  | established. To prevail, the moving party must show either "(1) a likelihood of success on the
| 5  | merits and the possibility of irreparable injury, or (2) the existence of serious questions going to
| 6  | the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune,
| 7  | Inc. v. Chronicle Publishing Co., 762 F.2d 1374, 1376 (9th Cir. 1985) (quoting Apple Computer
| 8  | Inc. v. Formula Int'l, 725 F.2d 521, 523 (9th Cir. 1984)); see also Hartikka v. United States, 754
| 9  | F.2d 1516, 1518 (9th Cir. 1985). The two formulations represent two points on a sliding scale
| 10 | with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at
| 11 | 1376. "Under either formulation of the test, plaintiff must demonstrate that there exists a
| 12 | significant threat of irreparable injury." Id. In the absence of a significant showing of possible
| 13 | irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.
| 14 | Here, plaintiff has not carried his burden of showing irreparable injury. The
| 15 | threats were delivered to plaintiff in August of 2008, almost eight months ago. Second, plaintiff
| 16 | has not identified the persons against whom he seeks injunctive relief. To the extent he seeks
| 17 | injunctive relief against individuals who are not named as defendants in this action, this court is
| 18 | unable to issue an order against individuals who are not parties to a suit pending before it. See
| 19 | Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).
| 20 | Therefore, plaintiff's motion for injunctive relief should be denied.
| 21 | IT IS HEREBY RECOMMENDED that plaintiff's April 22, 2009 motion for
| 22 | temporary restraining order and/or preliminary injunction be denied.
| 23 | These findings and recommendations are submitted to the United States District
| 24 | Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
| 25 | days after being served with these findings and recommendations, any party may file written
| 26 | objections with the court and serve a copy on all parties. Such a document should be captioned

1 "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that
2 failure to file objections within the specified time may waive the right to appeal the District
3 Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4 DATED: May 5, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

/001; mart0863.tro